# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARD BRUNO,
*Petitioner*,

v.

No. 3:18-cv-00634 (JAM)

UNITED STATES OF AMERICA,
*Respondent*.

## ORDER DENYING MOTION
## FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Petitioner Richard Bruno moves for post-conviction relief on the ground that his trial counsel rendered constitutionally ineffective assistance of counsel. Upon the basis of the parties' papers and an evidentiary hearing, I conclude that there is no merit to Bruno's claims, and therefore I will deny the motion for post-conviction relief.

### BACKGROUND

On May 8, 2017, Bruno entered a plea of guilty before me to a charge of production of child pornography in violation of 18 U.S.C. § 2251(a). *See generally United States v. Richard Bruno*, 16-cr-235 (JAM) (D. Conn.). On September 28, 2017, I sentenced Bruno principally to a term of 192 months imprisonment. *Ibid.*

Bruno is now serving his sentence. He has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging that he was denied his constitutional right to effective assistance of counsel in connection with his guilty plea, his sentencing, and the exercise of his appeal rights. Doc. #1-1.

The Government has filed an objection to Bruno's motion, along with affidavits from

Bruno's trial counsel, Christopher Duby and Robert O'Brien. Doc. #5-4 and #5-5. Bruno in turn has filed a reply to the Government's response, Doc. #7, as well as a supplemental motion challenging the validity of criminal forfeiture under the plea agreement, Doc. #8.

On October 6, 2020, I entered an order for a limited evidentiary hearing with instructions concerning its format. Doc. #14. On October 27, 2020, I conducted the hearing, and this ruling now follows.

### DISCUSSION

A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if his "sentence was imposed in violation of the Constitution or laws of the United States or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden to prove by a preponderance of the evidence that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88.

As to the issue of whether counsel's performance fell below the constitutional minimum, a court must be "highly deferential" to the strategic choices of counsel and must "strongly presume[ ]" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. "This presumption is overcome only if counsel failed to act reasonably considering all of the circumstances." *United States v. Rosemond*, 958 F.3d 111,

2

121 (2d Cir. 2020) (internal quotations omitted). A court "must avoid the distorting effects of hindsight and consider the lawyer's perspective at the time the decision was made." *Ibid.* (internal quotations omitted). "If the attorney made a strategic choice after thoughtful consideration, that decision will be virtually unchallengeable." *Ibid.* (internal quotations omitted).

As to the issue of whether any deficient performance by counsel caused prejudice, a court must consider whether "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Garner v. Lee*, 908 F.3d 845, 862 (2d Cir. 2018) (quoting *Strickland*, 466 U.S. at 694).

Bruno argues that his trial counsel was ineffective in connection with his decision to plead guilty in the following ways: (a) by failing to tell him in advance that what was initially scheduled as a status conference would be a guilty plea hearing; (b) by telling Bruno that "You have to take this plea today and do not hesitate because you will piss the judge off [and] just agree with what the Judge says"; (c) by telling Bruno that "You have to plead today and there is no way you could challenge the forfeiture"; and (d) by telling Bruno that "If you don't plea and go to trial I will not represent you and you['re] going to lose and get over 30 years in prison…." Doc. #1-1 at 15.

After considering the testimony of Bruno as well as the guilty plea transcript and the contrary testimony and affidavits of Attorneys Duby and O'Brien, I conclude for substantially the reasons argued by the Government that Bruno's guilty plea was knowing and voluntary and that there was no improper conduct by trial counsel that coerced or otherwise improperly induced

Bruno to plead guilty. In particular, Bruno's sworn statements during the course of the guilty plea conclusively refute his claim that he was improperly pressured to plead guilty or that he did not do so knowingly and voluntarily. For example, I made sure that Bruno understood during the guilty plea hearing that he did not have to enter a plea of guilty and that he could exercise his constitutional right to a trial. Doc. #5-2 at 8. I do not credit Bruno's claims that Attorney Duby told him he must enter a plea of guilty and agree to forfeiture or that Attorney Duby would not represent him if Bruno chose instead to exercise his constitutional right to a trial.

Bruno next argues that his trial counsel was ineffective in connection with his sentencing rights by ignoring Bruno's complaint after reading the draft presentence report that "a lot of what was being said about me [was] false" and that Bruno "could prove that these allegations were untrue and I told him where he could obtain this proof." Doc. #1-1 at 11. After considering the testimony of Bruno as well as the contrary testimony and affidavits of Attorneys Duby and O'Brien, I conclude for substantially the reasons argued by the Government that Attorney Duby acted well within his professional discretion in recommending that Bruno pursue a strategy of contrition at sentencing and not undermine this strategy by contesting all of the relevant conduct that the Government advanced for sentencing purposes. Nor has Bruno shown to this day that any of the relevant conduct was untrue. Moreover, in view that Bruno challenges the truth of only a portion of the relevant conduct alleged against him and that the sentence he received was significantly below the Guidelines range and only one year above the statutory minimum sentence, I conclude that Bruno has not shown any prejudice from any error by trial counsel with respect to the relevant conduct issues at sentencing.

Bruno argues that his trial counsel was ineffective in connection with Bruno's appeal rights by telling Bruno that "I am not going to file an appeal for you [and] you['re] not going to

appeal anything" and then by failing to follow Bruno's instruction to file a notice of appeal. Doc. #1-1 at 7. After considering the testimony of Bruno as well as the contrary testimony and affidavits of Attorneys Duby and O'Brien, I credit the attorneys' account that they did not improperly dissuade Bruno from exercising his appellate rights, that they did not refuse to file an appeal for him, and that Bruno agreed with their recommendation that he should not file an appeal and told them not to file a notice of appeal.

Bruno further argues that Attorney Duby was ineffective with respect to the forfeiture of his real properties at 19 Mountain Avenue and 28 West Coit Street in New London, his Mercedes Benz van, and $2,288 currency seized from his van. The criminal judgment order, however, does not include any of these assets. Doc. #49 to *United States v. Richard Bruno*, 16-cr-235 (JAM) (D. Conn.). Although I granted the Government's motion for criminal forfeiture and entered an order of preliminary forfeiture, *see* Docs. #44, #46, and #48 to *United States v. Richard Bruno*, 16-cr-235 (JAM) (D. Conn.), this motion and order extended only to Bruno's computer equipment and telephone—property that Bruno does not argue was improperly subject to forfeiture.

With respect to the assets that Bruno now contests, these are the subject of separate and ongoing civil forfeiture proceedings. *See USA v. Parcel of Real Property Located at 19 Mountain Avenue, New London, Connecticut*, 3:18-cv-471-JAM (D. Conn.). The real properties and the van (but not the currency) were described in the plea agreement, and the plea agreement states that Bruno would not object to the forfeiture of these assets following the resolution of his separate divorce proceedings. Doc. #5-1 at 3. During the course of the guilty plea hearing, this provision of the plea agreement was reviewed with Bruno, and he stated that he agreed to its terms. Doc. #5-2 at 18-19, 25. Bruno assured me during the guilty plea hearing that he had read

"every page" and "every word" of the plea agreement, that he had no questions about the plea agreement, and that if any questions arose he knew that he could ask for a recess to discuss with counsel. Doc. #5-2 at 14-15. The record does not show that Attorney Duby misadvised Bruno in any way with respect to forfeiture in a manner that had any effect on the validity of Bruno's guilty plea, the sentence imposed by the Court, or the exercise of Bruno's appellate rights.

Bruno further complains that Attorney Duby induced him to sign a stipulation of forfeiture immediately after he was sentenced and without advice about its contents. Doc. #1-1 at 13. This stipulation extended to the $2,288 currency as well as the two real properties and van. To the extent that this stipulation included properties that were already identified in the plea agreement, Bruno has no valid grounds to complain that he did not understand what he was signing. To the extent that this stipulation also includes the $2,288 currency that was not in the plea agreement, even if I were to assume that Attorney Duby did not properly advise Bruno with respect to agree to the forfeiture of this currency, any misadvice had no conceivable effect on Bruno's decision to plead guilty, his sentence, or the exercise of his appeal rights. Accordingly, any possible misadvice as to whether to agree to the forfeiture of the $2,288 currency furnishes no grounds for post-conviction relief from the criminal judgment pursuant to 28 U.S.C. § 2255.

### CONCLUSION

For the reasons set forth above, the Court DENIES the motion of petitioner Richard Bruno for post-conviction relief pursuant to 28 U.S.C. § 2255. Because Bruno has not made a substantial showing of a denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 16th day of November 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge